UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP f\k\a COUNTRYWIDE HOME LOANS SERVICING, L.P.,

Plaintiff,

v.

CARSON RANCH EAST HOMEOWNERS ASSOCIATION, *et al.*,

Defendants.

Case No. 2:16-cv-02192-MMD-CWH

ORDER

## I. SUMMARY

Plaintiff Bank of America, N.A. seeks to establish that a deed of trust ("DOT") still encumbers the property commonly known as 5844 Karnes Ranch Avenue, Las Vegas, Nevada, 89131 (the "Property"), even though defendant Carson Ranch East Homeowners Association ("HOA") foreclosed on it, and sold it to defendant Premier One Holdings, Inc. ("Premier") at a foreclosure sale held on September 17, 2013 (the "HOA Sale"). Pending before this Court is Plaintiff's motion for summary judgment based on the federal foreclosure bar, which argues that the Federal National Mortgage Association ("Fannie Mae") owns the applicable loan, and therefore has a property interest in the deed of trust that cannot be extinguished under these circumstances ("Motion").[1] (ECF No. 54.) As such, Plaintiff argues that the DOT still encumbers the Property. (*Id.*) Because the Court finds that the federal foreclosure bar applies here, the Court will grant the Motion.

///

///

---

[1] Defendant HOA filed a response. (ECF No. 55.) Defendants Premier and Weisun Property Inc. ("Weisun") also filed a response. (ECF No. 64.) Plaintiff filed a reply. (ECF No. 66.)

1

## II. BACKGROUND

Ryan Laird and Jayme Campbell bought the Property in November 2006. (ECF No. 54-2 at 2.) They obtained a loan to enable them to pay the Property's purchase price (the "Loan"). The Loan's corresponding DOT was executed and recorded around that same time, listing Duxford Financial, Inc. as the lender, and the Mortgage Electronic Registration System ("MERS") as the beneficiary. (*Id.* at 2-3.)

Fannie Mae purchased the Loan in January 2007. (ECF No. 54-3 at 3.) Fannie Mae remains the owner of the Loan. (*Id.*) MERS recorded an assignment of the DOT to Plaintiff on August 15, 2011. (ECF No. 54-4.) At the time of the HOA Sale, Plaintiff serviced the Loan for Fannie Mae. (ECF No. 54-3 at 4.) Plaintiff is still the servicer of the Loan for Fannie Mae. (*Id.*)

The HOA foreclosed on the Property sometime after the homeowners stopped paying their dues. The HOA sold the Property to Premier at the HOA Sale. (ECF No. 54-5.) Weisun allegedly later obtained an interest in the Property through a loan issued to Premier. (ECF No. 1 at 7.)

The Federal Housing Finance Agency ("FHFA") was the conservator of Fannie Mae at the time of the HOA Sale. (ECF No. 54 at 4-5, 8-9.) *See also Alpine Vista II Homeowners Ass'n v. Xiu Pan*, Case No. 3:15-cv-00549-MMD-WGC, 2018 WL 6701275, at *2 n. 3 (D. Nev. Dec. 20, 2018); *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1148-49 (D. Nev. 2015). FHFA did not consent to the extinguishment of Fannie Mae's property interest in the DOT. (ECF Nos. 54 at 8, 54-6.) *See also Alpine Vista*, 2018 WL 6701275, at *2 n. 3; *Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, 169 F. Supp. 3d 1073, 1075, 1078 (D. Nev. 2016) (relying on the same or similar 2015 public statement from FHFA as proffered here to find that FHFA did not consent to the extinguishment of Fannie Mae's interest in a property sold at an HOA foreclosure sale in March 2014).

///
///
///

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Plaintiff contends that the federal foreclosure bar protects Fannie Mae's property interest in the DOT such that the DOT still encumbers the Property. The Court agrees.

The federal foreclosure bar prohibits nonconsensual foreclosure of FHFA assets. *See Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the federal foreclosure bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's conservatorship, possessed an enforceable property interest at the time of the HOA Sale, and did not consent to such extinguishment. *See id.* at 933.

Here, it is undisputed that Fannie Mae was placed into conservatorship under FHFA in September 2008 and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. (*Compare* ECF No. 54 at 4-5, 8 *with* ECF No. 64 (declining to dispute these statements).) Fannie Mae acquired an enforceable property interest in the Property in January 2007, and continued to hold that interest at the time of the HOA Sale. (ECF No. 54-3 at 3.) This is sufficiently demonstrated by Fannie Mae's business records. (*See generally id.*) *See also Moniz*, 869 F.3d at 932 n.8 (accepting Fannie Mae's internal business records as evidence that Fannie Mae owned the applicable loan).

The Court therefore finds that the federal foreclosure bar protected Fannie Mae's DOT from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Further, and contrary to Premier and Weisun's argument (ECF No. 64 at 2-3), Plaintiff may assert the federal foreclosure bar on Fannie Mae's behalf. *See Moniz*, 869 F.3d at 932 ("Although the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property interest is valid and enforceable under

Nevada law."); *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (finding that servicer has standing to assert federal foreclosure bar on Freddie Mac's behalf); *see also Nationstar Mortg., LLC v. Guberland LLC-Series 3*, 420 P.3d 556 (Table), 2018 WL 3025919, at *2 (Nev. 2018) (finding it immaterial that Fannie Mae was the not a named beneficiary of the DOT). Accordingly, the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT therefore continues to encumber the Property.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 54) is granted. The Court finds that the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT continues to encumber the Property.

It is further ordered that the Clerk of the Court enter judgment in favor of Plaintiff on Plaintiff's first, second, and third claims for relief (ECF No. 1 at 7-14)—quiet title/declaratory judgment against all defendants.

It is further ordered that Plaintiff must file a status report within ten days indicating whether it intends to pursue its remaining claims.

DATED THIS 4th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5