UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP f\k\a COUNTRYWIDE HOME LOANS SERVICING, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>CARSON RANCH EAST HOMEOWNERS ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-02192-MMD-CWH<br><br>ORDER |

**I.    SUMMARY**

In a prior order (ECF No. 67 (the "Order")), the Court found that Plaintiff Bank of America, N.A.'s deed of trust ("DOT") still encumbers the property commonly known as 5844 Karnes Ranch Avenue, Las Vegas, Nevada, 89131 (the "Property"), even though defendant Carson Ranch East Homeowners Association ("HOA") foreclosed on it, and sold it to defendant Premier One Holdings, Inc. ("Premier") at a foreclosure sale held on September 17, 2013 (the "HOA Sale")—because the federal foreclosure bar prevented the DOT from being extinguished. (ECF No. 67.) Before the Court is Premier's motion for reconsideration of the Order ("Motion").[1] (ECF No. 76.) Because the Court is unpersuaded it should reconsider the Order, and as further explained below, the Court will deny the Motion.

**II.    LEGAL STANDARD**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to

---

[1] Plaintiff filed a response (ECF No. 80), and Premier filed a reply (ECF No. 81).

persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold*, U.S.A., 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

## III. DISCUSSION

Premier argues that reconsideration is warranted because of *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 433 P.3d 263, 2019 WL 292823 (Nev. 2019) ("*JPMorgan*"). Assuming *JPMorgan* constitutes intervening law,[2] the Court will not reconsider the Order based on *JPMorgan*.

As Plaintiff points out (ECF No. 80 at 2, 3), this Court has already considered and rejected Premier's reading of *JPMorgan*. *See Bank of Am., N.A. v. Huffaker Hills Unit No. 2 Residence Assoc.*, Case No. 3:15-cv-502-MMD-WGC, 2019 WL 1261351, at *3 n.3 (D. Nev. Mar. 19, 2019) ("*Huffaker Hills*") (currently on appeal). To briefly reiterate, the Court distinguishes *JPMorgan* from this case because *JPMorgan* dealt with a declaration prepared by a Chase bank employee containing statements that could not be true, whereas the Order relied on a declaration from Graham Babin, an Assistant Vice President at Fannie Mae (the "Babin Declaration"), which does not contain any

---

[2]The Nevada Supreme Court's unpublished disposition in *JPMorgan* was filed on January 17, 2019, which was after Plaintiff's summary judgment motion was fully briefed (ECF No. 66 (filed August 27, 2018)), but before the Court issued the Order (on February 4, 2019). Thus, Premier could have filed a motion for leave to file supplemental authority based on *JPMorgan* before the Court issued the Order, but did not. Moreover, as an unpublished disposition, *JPMorgan* does not bind this Court on questions of Nevada law. *See* Nev. R. App. P. 36(c)(2) ("An unpublished disposition, while publicly available, does not establish mandatory precedent except in a subsequent stage of a case in which the unpublished disposition was entered, in a related case, or in any case for purposes of issue or claim preclusion or to establish law of the case.").

statements that cannot be true. (ECF No. 54-3.) *See also Huffaker Hills*, 2019 WL 1261351, at *3 n.3.

Further, and to the extent that Premier attacks the validity of the Babin Declaration (ECF No. 76 at 6), the Court has considered and rejected nearly identical challenges to very similar declarations from Babin several times. *See, e.g.*, *Ditech Fin. LLC v. Las Vegas Dev. Grp., LLC*, Case No. 3:16-cv-00351-MMD-CBC, 2019 WL 4168733, at *1, *3-*4 (D. Nev. Sept. 3, 2019); *Bank of Am., N.A. v. Casoleil Homeowners Ass'n*, Case No. 3:16-cv-00307-MMD-WGC, 2019 WL 2601555, at *1, *4 (D. Nev. June 25, 2019) (currently on appeal). The Ninth Circuit has also rejected similar challenges to similar evidence. *See Berezovsky v. Moniz*, 869 F.3d 923, 932-33 (9th Cir. 2017) (finding business records provided by Freddie Mac sufficient evidence of its property interest); *see also Williston Inv. Grp., LLC v. JP Morgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) (same). The Court therefore rejects Premier's arguments regarding the Babin Declaration.

In sum, the Court will deny the Motion.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Premier's motion for reconsideration (ECF No. 76) is denied.

DATED THIS 3rd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE